IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID E. LEWIS                                                    PETITIONER

VS.                          CASE NO.: 5:14CV00367 BD

LARRY NORRIS, Interim Director,[1]
Arkansas Department of Correction                                RESPONDENT

## ORDER

        An Arkansas County, Arkansas jury found Petitioner David E. Lewis guilty of one

count of possession of marijuana with intent to deliver and one count of possession of

cocaine with intent to deliver.  With an enhancement, Mr. Lewis was sentenced to an

aggregate term of 100 years in the Arkansas Department of Correction ("ADC").  The

Court entered its judgment and commitment order on January 15, 2009.[2]  (Docket entry

#9-2)

_____

        [1]Larry Norris is Interim Director of the Arkansas Department of Correction and is
hereby substituted as the proper Respondent in this case.

        [2]Mr. Lewis initially pleaded guilty to three counts of possession of cocaine with
intent to deliver, one count of possession of marijuana with intent to deliver, and two
counts of battery in the second degree; the State recommended to the court that he receive
a total of 360 months in prison.  Mr. Lewis failed to appear for his sentencing hearing,
however, and after he was eventually apprehended, the trial court denied his motion to
withdraw his plea and sentenced him to 864 months' incarceration.  On appeal, the
Arkansas Court of Appeals reversed and remanded the case, holding that the circuit court
erred in not allowing appellant to withdraw his plea.  See *Lewis v. State*, 101 Ark.App.
176 (2008).  On remand, the court held a jury trial.

Mr. Lewis appealed to the Arkansas Court of Appeals, claiming the evidence was insufficient to support the conviction.  On September 29, 2010, the Court of Appeals affirmed the conviction.  *Lewis v. State*, 2010 Ark. App. 641 at *5.

On November 29, 2010, Mr. Lewis filed a petition for post-conviction relief with the trial court under Arkansas Rule of Criminal Procedure 37.1 alleging that: (1) his trial counsel was ineffective for not investigating the underlying basis for his arrest and for failing to move to suppress evidence discovered pursuant to that arrest; (2) the trial court erred in denying his pro se motions for a continuance and for appointment of new counsel; (3) he was entitled to more jail-time credit than he was given in the judgment-and-commitment order; and (4) his sentence was illegal.  *Lewis v. State*, 2013 Ark. 105, 2 (2013).  A hearing was held on the petition, and the circuit court entered a written order denying his first, second, and fourth claims, but the court left open the third claim pending the its determination of exactly how much jail-time credit appellant was due.  (#9-6)

Mr. Lewis appealed to the Arkansas Supreme Court.  On March 7, 2013, while Mr. Lewis's motion for extension of time and for access to the record was pending, the Court dismissed the appeal.  *Lewis*, 2013 Ark. at 8.  The Court determined that Mr. Lewis could not prevail even if he was allowed to proceed.  *Id*.

Mr. Lewis filed this federal habeas petition under 28 U.S.C. § 2254 on October 7, 2014.  (Docket entry #1)  In this petition, Mr. Lewis claims that his trial counsel was

ineffective: (1) for failing to properly investigate the validity of the arrest warrant and for withdrawing the motion to suppress evidence discovered pursuant to the arrest; and (2) by breaching his duty of loyalty by failing to communicate with him.

Interim ADC Director Larry Norris has responded to the petition (#9) arguing that Mr. Lewis's claims are barred by the applicable statute of limitations. The parties have consented to this Court's jurisdiction. (Docket entry #13) For the reasons discussed below, Mr. Lewis's petition is denied and dismissed.

## III.   <u>The Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for state prisoners to commence federal habeas corpus proceedings under 28 U.S.C. § 2254. The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, Mr. Lewis appealed his conviction to the Arkansas Court of Appeals, which affirmed on September 29, 2010. (#9-4) He did not seek discretionary review from the Arkansas Supreme Court. See Ark. Sup Ct. R. 2-4(a); see also *Parmley v. Norris*, 586 F.3d 1066, 1076 (2010)(holding that the Arkansas Court of Appeals is not a state court of last resort to permit review of its decision by the United States Supreme Court). Accordingly, Mr. Lewis's judgment became final on October 18, 2010, when the

time for seeking review in the Arkansas Supreme Court expired.  Ark. Sup Ct. R. 2-3(a) and 2-4(a); see also *Gonzlez v. Thaler*, __ U.S. ___, 132 S.Ct. 641, 653-54 (2012).

Mr. Lewis did not file this habeas petition until October 7, 2014.  Accordingly, his claims are barred by the one-year statute of limitation unless the statute of limitations can be tolled.

A.      Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

The parties agree that Mr. Lewis filed a timely post-conviction petition and appeal from the trial court's denial of the petition. The limitations period ran, however, for 41 days (until November 29, 2010), when Mr. Lewis filed his petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.1.  (#9-5)  The statute of limitations was tolled until the Arkansas Supreme Court dismissed Mr. Lewis's appeal on March 7, 2013.  28 U.S.C. § 2244(d)(2).  The statute of limitations began to run again on March 8, 2013, and expired on January 25, 2014.  *King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012)(limitations period tolled during the pendency of petitioner's Rule 37 petition, *i.e.*, from the date of filing the petition until the date the Arkansas Supreme Court dismissed the appeal)(citing 28 U.S.C. § 2244(d)(2)).

4

Mr. Lewis did not file the current petition until October 7, 2014, over eight months

later.  Accordingly, Mr. Lewis's claims are barred unless he establishes that he is entitled

to equitable tolling.

B.      *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable

tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560

(2010).  A petitioner is entitled to equitable tolling, however, only if he shows: (1) that he

has pursued his rights diligently, and (2) that some extraordinary circumstances stood in

his way and prevented a timely filing.  *Id*. at 2562 (quoting *Pace*, 544 U.S. at 418).

Here, Mr. Lewis waited more than eight months after the Arkansas Supreme Court

dismissed his appeal to file this habeas petition.  See *Nelson v. Norris*, 618 F.3d 886, 893

(8th Cir. 2010)(petitioner did not diligently pursue his rights when he waited nine months

after state supreme court denied rehearing in his post-conviction proceeding to file a

federal habeas petition); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009)(habeas

petitioner was not entitled to equitable tolling where he waited to file his federal petition

until eight months after receiving notice that his judgments were final).

Further, Mr. Lewis has not alleged that an extraordinary circumstance stood in the

way of his filing a timely petition.  Under settled law, a petitioner's pro se status, lack of

legal knowledge or legal resources, or confusion about the federal limitations period or

state post-conviction law, cannot justify equitable tolling.  See, *e.g.*, *Johnson v. Hobbs*,

678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004).

Based on the record here, the Court cannot conclude that Mr. Lewis diligently pursued his rights or that extraordinary circumstances stood in the way of his doing so. Accordingly, equitable tolling cannot save his federal petition.

C.    *Actual Innocence*

In *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013), the United States Supreme Court held that actual innocence, if proved, serves as a gateway through which a petitioner may overcome the expiration of the statute of limitations.  The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)).

The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence."  *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951–53 (8th Cir. 2011), cert. denied, 133 S.Ct. 137 (2012).  Here, Mr. Lewis has not come forward with new evidence to establish actual innocence.

6

The Arkansas Court of Appeals summarized the evidence presented at trial as follows:

> Lewis was arrested on a felony warrant on August 13, 2004, while standing on a street corner in an area known to police officers for its high drug traffic.  He resisted the arrest, and ten minutes were needed to handcuff him.  A search of his person incident to arrest revealed $155 cash, a cellular telephone, and seven baggies; two of the baggies contained powder cocaine, one contained crack cocaine, and four contained marijuana. The cocaine's total weight was 16.5 grams, and the marijuana weighed 18.5 grams. Officer David Chastain estimated a street value of $1100 to $1200 for the powder cocaine and $450 for the crack cocaine.  He described the marijuana packaging as two "dime bags," each containing enough to make a marijuana cigarette, and four "quarter bags" with larger amounts.

*Lewis v. State*, 2010 Ark. App. 641, 2-3 (2010).

In his petition, Mr. Lewis complains that his counsel was ineffective for failing investigate the arrest warrant and for abandoning a pre-trial motion to suppress.  He has not come forward with new evidence establishing actual innocence, however, in order to overcome the expiration of the statute of limitations.

## IV.    <u>Certificate of Appealability</u>

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  A certificate of appealability may issue only if Mr. Lewis has made a substantial showing that he was denied a constitutionally protected right.  28 U.S.C. § 2253 (c)(1)-(2).  After considering Mr. Lewis's petition, the Court finds no basis to issue a certificate of appealability.

**V.**     **<u>Conclusion</u>**

Mr. Lewis's claims for habeas relief are barred by the one-year limitations period established by 28 U.S.C. § 2244(d).  Accordingly, Mr. Lewis's petition for writ of habeas corpus (#1) is DENIED and DISMISSED, with prejudice.  There is no basis for this court to issue a certificate of appealability.  Accordingly, a certificate of appealability is denied.

DATED this 29th day of December, 2014.

_____

UNITED STATES MAGISTRATE JUDGE